IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL – 6 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| DARLA DAVIS AND THE UNKNOWN HEIRS OF SEDALIA JOHNSON, DECEASED, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:20-CV-320-A |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, C/O HUD, C/O NOVAD MANAGEMENT CONSULTING, LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, U.S. Department of Housing and Urban Development, misidentified as "U.S. Department of Housing and Urban Development C/O HUD C/O Novad Management Consulting, LLC," to dismiss. Plaintiff, Darla Davis, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

## Plaintiff's Claims

The operative pleading is plaintiff's amended complaint filed May 22, 2020. Doc.[1] 15. Plaintiff says that she brings this

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

action individually and "as Heir of Sedalia Johnson, Deceased"
("Johnson"). Id. ¶ 2. By order signed June 4, 2020, Doc. 20, the
court pointed out that, generally, personal representatives of a
decedent's estate are the only people entitled to sue to recover
estate property and, further, that heirs may only bring suit if
they show that there is no administration pending and none is
necessary. The court ordered plaintiff to file a document
containing sufficient facts to show that no administration of
Johnson's estate is pending or necessary. On June 25, 2020,
plaintiff filed her response showing that she had filed an
application to determine heirship in the Probate Court of
Tarrant County, Texas. Doc. 21. That application, attached as an
exhibit to the response, shows that there are a number of
Johnson heirs. Plaintiff nevertheless claimed that "no
administrations [sic] is necessary because Plaintiff took
possession of the property at 1449 Oak Grove Road, Fort Worth,
Texas 76134, [the "property"] after the death of [Johnson] and
has resided at said property to date." Id. at 1. Thus, although
plaintiff says in her amended complaint that she is the "record
owner" of the property, Doc. 15 ¶ 8, it is clear that she merely
resides there.

    The gist of the amended complaint is that defendant is
seeking to foreclose a lien against the property securing an

adjustable rate note (home equity conversion). The note and deed of trust were executed by Johnson on March 29, 2006. According to the application to determine heirship, Johnson died intestate on May 16, 2016. Doc. 21, Ex. Plaintiff says that she demanded defendant produce the "wet-ink Original Note" and documents to verify the debt and its right to foreclose. Doc. 15 ¶ 9-11. Plaintiff asserts claims for violation of the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code. She seeks a declaratory judgment that any attempt to foreclose is an action to collect the debt and that defendant must produce "the one and only wet-ink Original Promissory Note" prior to proceeding with any foreclosure. She also seeks to remove an alleged cloud on title, alleging that Johnson lacked the mental capacity to execute the note and deed of trust.

II.

Grounds of the Motion

Defendant asserts that plaintiff has failed to allege any plausible claim against it. Specifically, plaintiff's "show me the note" theory is not viable; she lacks standing to assert that the loan was fraudulently transferred or assigned; failure to record an assignment does not give rise to a cause of action; plaintiff has not alleged any statutory violation; and, limitations has run on any claim that Johnson was incompetent,

3

assuming plaintiff has standing to assert such claim. In addition, defendant maintains that it was not properly served.[2]

### III.

### Applicable Rules of Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by

---

[2] The court need not address this ground as it is clear that plaintiff has not stated any plausible claim.

4

factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being

5

called for defense in a court of law." Id. at 528-29.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Statutory claims based on allegations of fraud, such as violations of the Texas Insurance Code, the TDCA, and the Texas DTPA, as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 994 (S.D. Tex.

6

2011); Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785,

800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

In considering a motion to dismiss for failure to state a

claim, the court may consider documents attached to the motion

if they are referred to in the plaintiff's complaint and are

central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343

F.3d 533, 536 (5th Cir. 2003). The court may also refer to

matters of public record. Papasan v. Allain, 478 U.S. 265, 268

n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir.

1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

This includes taking notice of pending judicial proceedings.

Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir.

2003). And, it includes taking notice of governmental websites.

Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir.

2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

This case concerns what is commonly referred to as a

reverse mortgage. Unlike a traditional mortgage, the borrower in

a reverse mortgage receives periodic payments (or a lump sum)

from the lender based on the borrower's accumulated equity in

the home and need not repay the outstanding loan balance until

certain triggering events, like death of the borrower or sale of

7

the home. Because such mortgages are nonrecourse, Congress

provided that they would be insured by defendant to encourage

lenders to participate. See Johnson v. World Alliance Fin.

Corp., 830 F.3d 192, 195-96 (5th Cir. 2016); Bennett v. Donovan,

703 F.3d 582, 585 (D.C. Cir. 2013). In this case, because

Johnson died, defendant has sought to foreclose on the lien to

satisfy the debt.

As noted, supra, plaintiff has filed in the Probate Court

of Tarrant County, Texas, an application to determine heirship

of Johnson. Accordingly, she lacks standing to proceed with the

claims asserted in this case. See Shepherd v. Ledford, 962

S.W.2d 28, 31 (Tex. 1998). But, even assuming she had standing,

her claims against defendant must be dismissed for the reasons

that follow.

Plaintiff alleges that in order to proceed, defendant must

prove—by producing the "wet-ink" note—that it is the holder of

the note and has the right to foreclose pursuant to the deed of

trust. The "show me the note" theory has been roundly rejected

by the courts and claims asserted under such a theory are

routinely dismissed. Martins v. BAC Home Loans Serv., L.P., 722

F.3d 249, 253-54 (5th Cir. 2013); Perry v. Fed. Nat'l Mortg.

Ass'n, No. 3:14-CV-077-B, 2014 WL 3972295, at *5 (N.D. Tex. Aug.

16, 2014). Further, the Texas Property Code permits mortgagees

and mortgage servicers to conduct nonjudicial foreclosures without producing proof of their authority to do so. Perry, 2014 WL 3972295, at *6.

Plaintiff challenges the enforceability of the note and deed of trust because she suspects they were fraudulently assigned. Her conclusory allegations are insufficient to state a plausible claim. Jackson v. Fed. Home Loan Mortg. Corp., No. 4:11-CV-507-A, 2011 WL 3874860, at *2 (N.D. Tex. Sept. 1, 2011). And, in any event, plaintiff lacks standing to assert fraudulent transfer claims. Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 228 (5th Cir. 2013).

Plaintiff further appears to allege that not all transfers and assignments of the deed of trust were properly recorded and, therefore, foreclosure cannot be pursued. However, recordation is not necessary for liens to be enforced. Lerch v. Bank of Am., N.A., No. H-13-2036, 2014 WL 4162871, at *3 (S.D. Tex. Aug. 20, 2014)(citing Bittinger v. Wells Fargo Bank, N.A., 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010)).

Plaintiff alleges that defendant has violated the Texas Finance Code, referring also to the Texas Debt Collection Act, by failing to provide evidence that it is the owner or holder of the note. However, as stated, defendant has no obligation to provide such proof. And, even if plaintiff had pleaded any facts

9

to show that defendant is a debt collector (and she has not), nonjudicial foreclosure by a debt collector does not violate the Finance Code. Tex. Fin. Code § 392.301(b)(3).

Plaintiff seeks to remove the alleged cloud on title to the property. A suit to quiet title is an equitable action to clear a valid title against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 4335997, *3 (N.D. Tex. Aug. 29, 2012). Plaintiff must prove and recover on the strength of her own title, not the weakness of her adversary's. Id.; Summers v. PennyMac Corp., No. 3:12-CV-01235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012); Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). Here, plaintiff has not pleaded any facts to show that she has superior title. See, e.g., Warren v. Bank of Am., N.A., 566 F. App'x 379, 382 (5th Cir. 2014)(plaintiff can show superior right to property such as by pleading he was current on his mortgage payments).

Further, and in any event, as defendant points out, it appears that plaintiff's quiet title claim is barred by limitations. Plaintiff is seeking to set aside the note and deed of trust based on the contention that Johnson was not mentally competent to execute them. However, Johnson died May 16, 2016, and plaintiff did not assert her quiet title claim until May 22,

10

2020.[3] See Cole v. McWillie, 464 S.W.3d 896, 900 (Tex. App.—Eastland 2015, pet. denied)(four year limitations applies where deed is voidable rather than void; contract by one who lacks mental capacity is voidable, not void).

Plaintiff additionally seeks declaratory and injunctive relief, but these requests depend upon underlying claims. Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-71 (5th Cir. 1990); Johnson v. Wells Fargo Bank, N.A., 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014); Cook v. Wells Fargo Bank, N.A., No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Plaintiff is not entitled to the declaration she seeks in any event, as it is based on the improper wet-ink theory.

To the extent plaintiff seeks money damages, her claims, which are based on alleged fraud and deceit, are barred by the Federal Tort Claims Act. 28 U.S.C. § 2680(h).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are

---

[3] The court is satisfied that this new claim asserted for the first time in the amended complaint would not relate back to the time of filing of the original petition. No mention of Johnson's alleged mental capacity was made in the original petition. Doc. 1, Ex. 2.

hereby, dismissed.

SIGNED July 6, 2020.


_____
JOHN McBRYDE
United States District Judge